# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICIA BALL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-4750** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Plaintiff Patricia Ball's Motion for Fees under the Equal Access to Justice Act (Doc. 18). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

On May 9, 2018, Plaintiff, Patricia Ball, filed a complaint against Defendant, the Social Security Administration ("SSA"), seeking judicial review of the termination of her disability benefits.[1] The matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2E(B). On February 27, 2019, the Magistrate issued a Report and Recommendation that Plaintiff's appeal be granted and her complaint remanded to the SSA with instructions to vacate the Commissioner's decision to terminate her benefits and conduct further proceedings.[2] The Magistrate found that Plaintiff's

---

[1] Doc. 1.
[2] Doc. 15.

1

benefits were wrongly terminated by the SSA by using improper legal standards to find that Plaintiff experienced medical improvement.[3] The SSA filed no objection to the Report and Recommendation, and, on May 10, 2019, this Court issued an Order adopting the Report and Recommendation in its entirety.[4] On the same day, the Court entered a Judgment in favor of Plaintiff and against the SSA.[5]

Following the Court's entry of Judgment in favor of Plaintiff, Plaintiff filed the instant Motion for Attorney's Fees.[6] Plaintiff argues that, under 42 U.S.C. § 405(g) and 28 U.S.C. § 2412(d), she is entitled to an award of attorney's fees. The SSA opposes.

## **LEGAL STANDARD**

Under the Equal Access to Justice Act ("EAJA"), attorney's fees and costs may be awarded to a plaintiff who prevails in a civil action against the United States.[7] The EAJA provides that

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.[8]

The EAJA further requires that a party seeking an award of fees must file an application for the fees "within thirty days of final judgment in the action."[9] A

---

[3] *Id.*
[4] Doc. 16.
[5] Doc. 17.
[6] Doc. 18.
[7] 28 U.S.C. § 2412.
[8] *Id.* § 2412(d)(1)(A).
[9] *Id.* § 2412 (d)(1)(B).

final judgment is defined in the EAJA as one "that is final and not appealable."[10]

## **LAW AND ANALYSIS**

The SSA argues that Plaintiff's Motion for Attorney's Fees is untimely. The Court agrees. The timeliness of Plaintiff's Motion hinges on whether the Magistrate's remand was pursuant to sentence four or sentence six of 42 U.S.C. § 405(g).

"In cases reviewing final agency decisions on Social Security benefits, the exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of [42 U.S.C.] § 405(g)."[11] Sentence four of 42 U.S.C. § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[12] Sentence six provides that

> [t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security. . . ; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the

---

[10] *Id.* § 2412(d)(2)(G).
[11] Shalala v. Schaefer, 509 U.S. 292, 296 (1993).
[12] 42 U.S.C. § 405(g).

3

additional record and testimony upon which the Commissioner's action in modifying or affirming was based.[13]

A sentence four remand is a final judgment.[14] It "gives a claimant 'prevailing party' status by terminating the litigation in the claimant's favor."[15] In contrast, a sentence six remand functions as an interlocutory order.[16] It allows the district court to retain jurisdiction over the action and monitor the remand.[17] The EAJA requires that a party apply for an award of fees "within thirty days of *final judgment* in the action."[18] Thus, the issuance of a sentence four remand marks the commencement of the thirty-day period to apply for attorney's fees, whereas the issuance of a sentence six remand does not. When the time period to apply for attorney's fees lapses following a sentence four remand, district courts lack jurisdiction to entertain claims for attorney's fees under the EAJA.[19]

The Magistrate's Report and Recommendation does not identify whether the remand falls under sentence four or sentence six. It is clear, however, that the remand was ordered under sentence four. First, the Court entered Judgment in the record of this matter following the Order adopting the Report and Recommendation. If the Court issued a sentence six remand, there would be no entry of Judgment and the Court would still retain jurisdiction over the matter. Second, nothing in the language of the Report and Recommendation indicates that the case should or will be returned to the district court. To the

---

[13] *Id.*
[14] Murkeldove v. Astrue, 635 F.3d 784, 792 (5th Cir. 2011).
[15] Perkins v. Astrue, 568 F. Supp. 2d 102, 104 (D. Mass. 2008).
[16] *Id.* (citing Krishnan v. Barnhart, 328 F.3d 685, 691 (D.C. Cir. 2003)).
[17] *See* Chapa v. Astrue, 814 F. Supp. 2d 957, 961 n. 5 (C.D. Cal. 2011); *see also* Peters v. Sec'y of Health & Human Servs., 934 F.2d 693, 695 (6th Cir. 1991).
[18] *Id.*§ 2412 (d)(1)(B) (emphasis added).
[19] *Peters*, 934. F.2d at 695; *see also* Rivera Baez v. Sec'y of Health & Human Servs., 832 F. Supp. 28, 29 ("[O]nce a district court remands a case pursuant to sentence four of § 405(g), the same may not retain jurisdiction over the case.").

contrary, the Report and Recommendation requires that, upon remand, the SSA reconstruct Plaintiff's evidentiary file, if possible, in order to properly conduct the continuing disability review, and if not possible, to continue the benefits.[20] Indeed, the fact that Plaintiff received a favorable outcome in her continuing disability review upon remand—without any additional filings being made in the record of this Court to date—bolsters the Court's finding that the Judgment issued on May 10, 2019 was a final judgment.

Accordingly, the Judgment entered on May 10, 2019 began the countdown. The thirty-day clock to apply for attorney's fees "begins to run after the time to appeal that final judgment has expired."[21] "In suits to which a federal officer is a party, the time for appeal does not end until 60 days after the entry of a [Federal Rule of Civil Procedure] 58 judgment."[22] Thus, when the Court entered its final Judgment on May 10, 2019, the parties had sixty days to file an appeal—up until July 9, 2019. Neither Plaintiff nor Defendant filed an appeal, and so the thirty-day clock to apply for attorney's fees began to run on July 9, 2019 and closed on August 8, 2019. Plaintiff filed her Motion for Attorney's Fees on October 18, 2019, missing the window to timely apply for attorney's fees. While this Court would ordinarily be able to exercise its discretion in awarding attorney's fees, the lapse of the thirty-day clock following the Magistrate's sentence four remand under § 405(g) stripped this Court of jurisdiction to award fees. Therefore, the Court must deny Plaintiff's Motion.

---

[20] Doc. 15 at 18–19.
[21] Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991).
[22] *Murkeldove*, 635 F.3d at 792 (quoting Freeman v. Shalala, 2 F.3d 552, 554 (5th Cir. 1993)) (brackets in original).

## CONCLUSION

For the foregoing reasons, Plaintiff Patricia Ball's Motion for Attorney's Fees and Costs under 28 U.S.C. § 2412(d) and 42 U.S.C. § 405(g) is **DENIED**.

New Orleans, Louisiana this 20th day of December, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**